THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERELL DAVISON, R70904, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-01443-GCS |
| | ) |
| ANTHONY WILLS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Terell Davison ("Davison"), an inmate of the Illinois Department of Corrections ("IDOC") currently detained at Menard Correctional Center ("Menard"), brought this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Upon initial review, the Court severed the claims against a defendant at Hill Correctional Center into a new lawsuit, and it transferred that lawsuit to the Central District of Illinois. (Doc. 14). The Court also invited Davison to file an amended complaint concerning his conditions of confinement at Menard. *Id.* After several extensions and requests for counsel, Davison has finally filed an amended complaint. (Doc. 21). For the reasons explained herein, Davison's amended complaint is dismissed for failure to state a claim.

Davison's amended complaint contains three pages of handwritten allegations. (Doc. 21, p. 5-7). The allegations generically suggest that Davison is displeased with the overall atmosphere and culture at Menard. He also feels the facility is inadequate to

accomplish any rehabilitative purpose. Davison complains that discipline is imposed without adequate due process; staff act in an intimidating and punitive fashion; inmates receive very little out-of-cell time; and the totality of the conditions are infirm. Davison cites to various provisions of the Bible throughout the pleading and argues that biblical teachings should be used to remedy the situation. As relief, Davison seeks a declaratory judgment, monetary compensation, and transfer to another facility with more adequate conditions. (Doc. 1, p. 7-8).

Davison's complaint is insufficient to state a claim for at least two reasons. First, Davison names Anthony Wills (Warden) as the sole defendant but he does not have a single factual allegation linking Wills to the issues he raises. Merely naming an individual in the case caption without describing the individual's role in the body of the complaint is insufficient to state a claim. *See Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994). Under Section 1983, high-level prison administrators cannot be held liable simply because they have a role of authority in the prison system. *See, e.g.*, *Burks v. Raemisch*, 555 F.3d 592, 595-596 (7th Cir. 2009) (noting that bureaucracies divide tasks, and administrators may delegate various responsibilities to those that they supervise). Section 1983 liability is dependent on an inmate demonstrating that a defendant played a personal and direct role in causing him harm. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) (stating that "individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). *See also Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (stating that "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Here, Davison's

allegations are plainly inadequate to attribute the problems he describes directly, or even indirectly, to defendant Wills. Therefore, the complaint is insufficient to state a claim.

Second, while a conditions of confinement claim can rely on the totality of conditions, Davison has not described the conditions or how they have personally harmed him in great enough detail for the Court to infer a plausible claim. To establish a conditions of confinement claim, an inmate must establish (1) a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where prison officials are deliberately indifferent to this situation. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 824 (1994)). Conditions may be considered collectively when analyzing a conditions of confinement claim, and the duration of the allegedly harmful conditions is relevant to the existence of an Eighth Amendment violation. *Id.* In relation to such a claim, life's necessities are often considered to be adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *See Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

Davison's allegations pertain to things like out-of-cell time, access to digital tablet devices and music, prison discipline, and mental health services. He mentions a lack of exercise and fresh air in passing, but he does little to elaborate on how long he has been deprived of these things or how it has physically impacted him. Overall, Davison's complaints largely do not align with the touchstones of a conditions of confinement claim, *i.e.*, food, clothing, shelter, bedding, and sanitation. Instead, his claims reach more into other areas, such as an Eighth Amendment adequacy of mental health services or a

Fourteenth Amendment's guarantee to due process. But even in these respects, his allegations are too vague to proceed as plausible claims against an individual defendant.

In addition to filing an amended complaint, Davison again seeks reconsideration of the Court's earlier rulings on his requests for counsel. (Doc. 22). Davison simply argues that his case is complex, and he supplied additional proof of his own efforts to recruit counsel. This is not sufficient as a motion to reconsider, because it does not explain why the Court's earlier rulings were incorrect. The last time Davison sought to reconsider the Court's ruling on counsel, the Court explained that rather than continue to file motions to reconsider, Davison would simply need to file a new freestanding motion for counsel explaining his predicament. (Doc. 20, p. 4). Davison has not complied with this instruction, and even if his motion to reconsider was treated as a new freestanding motion, it does not provide an adequate basis for appointing counsel.

Davison's competence to draft a pleading on his own is an issue that he has pressed multiple times in this case, but his amended complaint is clear and easy to understand. Davison's complaint is not being deemed insufficient because it is unartfully pled or impossible to understand. Quite the opposite – the complaint is well-written and contains analogies to biblical teachings, which reflect a good degree of critical thinking. Instead, the amended complaint fails to state a claim because Davison has not set forth basic facts demonstrating that an individual actor at Menard has violated his rights in a concrete and measurable fashion. With multiple extensions and clear directions about how Davison might plead an adequate claim, the Court now finds it unnecessary to

continue inviting amendments in this case.[1] *See, e.g.*, *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (noting that amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (noting that courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (indicating that leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

## DISPOSITION

Based on the foregoing analysis, the Court will **DISMISS** Davison's entire amended complaint for failure to state a claim under 28 U.S.C. § 1915A. Davison will not be given leave to amend. Davison's Motion to Reconsider (Doc. 22) is **DENIED**.

If Davison wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* FED. R. APP. PROC. 4(a)(1)(A). If Davison chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-726 (7th Cir. 2008). Moreover, if the appeal is found to be non-meritorious, Davison may incur another "strike" under 28 U.S.C. § 1915(g). A proper and

---

[1]   In fact, when measured from the Court's original order to file an amended pleading (Doc. 14) to when he filed his Amended Complaint (Doc. 21), Davison has had almost a year in which to file a viable amended pleading.

timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED: September 26, 2025.**

Gilbert C Sison
Digitally signed by Gilbert C Sison
Date: 2025.09.26 15:27:23 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**